## Amelia Barker, Appellee, v. Danville Street Railway & Light Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915. Rehearing denied May 26, 1915.

### Statement of the Case.

Action on the case brought by Amelia Barker against the Danville Street Railway & Light Company to recover damages for injuries alleged to have been sustained by her while attempting to become a passenger on a street car, through the negligence of the defendant. From a judgment in favor of the plaintiff for five hundred dollars, the defendant appeals.

The appellee on the morning of the accident crossed a street to take a street car standing on the westerly of two tracks. The car had a door on the west side of the north end and one on the east side of the south end. Appellee testified that the motorman in the front

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

vestibule motioned to her to go around the front end of the car to the door on the east side of the rear end; that when she passed around the north end of the car she saw another car coming on the other track, and that it stopped on the opposite crossing; that she then started towards the rear door of the car, and that the other car then started up without ringing a gong or giving any signal and caught and rolled her between it and the stationary car and injured her. The testimony was conflicting as to whether the gong was sounded on the car which caused the injury. The motorman testified that he did not signal appellee to go around the car, but that he reached to open the front vestibule door, and that she signaled she did not want that door opened. The evidence bearing on the question of the negligence of the appellant and the due care of the appellee was very conflicting.

H. M. STEELY and H. M. STEELY, JR., for appellant.

LEWMAN & CRAYTON, for appellee; THOMAS A. GRAHAM, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 133*—*when negligence question for jury in personal injury action.* In an action against a street railway company for personal injuries sustained by a woman who, while passing around the front and side of a stationary street car in obedience to a motion from the motorman, in order to enter the car, was struck by another car which approached on a parallel track, the question of the negligence of the defendant, as well as whether the plaintiff was in the exercise of due care, are for the jury, where there was a conflict in the evidence as to whether the motorman directed the plaintiff to pass around the car, and also whether the gong of the approaching car was rung.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Barker v. Danville Street R. & L. Co., 193 Ill. App. 639.

2. STREET RAILROADS, § 131*—*sufficiency of evidence to sustain verdict for plaintiff in personal injury action.* A verdict for plaintiff *held* sustained by the evidence in an action in which the evidence was conflicting, for injuries sustained by a woman who passed around the end of a street car in obedience to the alleged motion of the motorman, in order to enter the car, when she was struck by a car which approached on a parallel track without, as alleged, giving any warning.

3. STREET RAILROADS, § 110*—*variance in action for personal injuries.* There is no variance between evidence, in an action against a street railway company for personal injuries, that the plaintiff was caught, held and rolled between two cars, and a declaration alleging that she was struck and knocked to the pavement, "and between" said cars and "then and there bruised," etc.

4. PLEADING, § 431*—*when variance not material.* The plaintiff may recover for a tort where the facts proven constitute a cause of action, notwithstanding other averments of the declaration are not sustained by the evidence.

5. APPEAL AND ERROR, § 384*—*when objection essential to review.* The admissibility of evidence to which no objection is interposed, will not be determined on appeal.

6. STREET RAILROADS, § 113*—*admissibility of evidence in personal injury action.* The reason why a physician of a street railway company called another doctor to make an examination of the plaintiff cannot be shown in an action against the company for personal injuries.

7. STREET RAILROADS, § 113*—*admissibility of evidence in personal injury action.* In an action against a street railway company for personal injuries, the fact that witnesses from another town, who were called by the defendant to impeach the reputation of the plaintiff for truth and veracity, were permitted on cross-examination to state that the defendant furnished them transportation to attend as witnesses a criminal case against the plaintiff's husband, in which the plaintiff was the prosecuting witness, *held* harmless error.

8. STREET RAILROADS, § 107*—*assumed risk in personal injury action.* The doctrine of contributory negligence, and not of assumption of risk is applicable to an action for injuries sustained by a woman who passed around the end and side of a stationary street car, in obedience to a motion of the motorman, in order to enter the car, and who was struck by a car on a parallel track which approached without, as alleged, sounding its gong.

9. TRIAL, § 123a*—*improper argument to jury.* An argument of the plaintiff's counsel to the jury in an action against a street

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

railway company for personal injuries, that the defendant was a corporation, and had means of getting witnesses and investigating cases which the plaintiff did not possess, *held* harmless error.

10. TRIAL, § 123a*—*improper argument to jury.* Counsel may comment in his argument to the jury, in an action against a street railway company for personal injuries, on the fact that many of the defendant's witnesses were in the employ of the company.

11. TRIAL, § 123a*—*improper argument to jury.* An argument of the plaintiff's counsel to the jury in an action against a street railway company for personal injuries, that witnesses who attacked the reputation of his client for truth and veracity were "a flying squadron of character destroyers," *held* harmless error in view of the amount of damages awarded the plaintiff.

12. DAMAGES, § 115*—*when not excessive for injury to woman.* An award of five hundred dollars to a woman earning seven dollars per week, for personal injuries which confined her to her bed for five or six weeks, and from which she thereafter suffered down to the time of the trial, *held* not excessive.